UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC D. WALL,

                Plaintiff,

-against-

DONALD J. TRUMP,

                Defendant.

19-CV-7413 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated September 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff Eric D. Wall, using the Court's declaration form, brings this action against Donald J. Trump, President of the United States, asserting claims of "negligent infliction of emotional distress, negligence, mental anguish, physical injury, defamation, reckless endangerment, fraud, and pain & suffering." (ECF No. 2.) Plaintiff seeks monetary damages in the amount of $999,000.

Plaintiff includes a ten-page, single-spaced, typewritten letter detailing events that occurred in his life, for which he believes the President is responsible. He alleges that:

> [e]ach time that President Donald Trump uses misdirection as a tactic, blatantly lies to his constituents, and to The People, and undermines women, minority groups, and everyone that does not subscribe to his rhetoric, including members protected under Article One, Two, and Three of The US Constitution, I feel that our country's framework, as well as societal fabric, is being torn apart just as my innards are being ripped from within me. I am haunted by this man's use of tyrannical and threatening words, actions, and I fear indefinitely for my present and future as well as for others, equally.

(ECF No. 2 at 5.)[1] Plaintiff has "felt that Donald Trump is literally trying to kill people, either quickly if those people pose a perceived threat to his quest for ultimate power, or slowly, if nothing else to persuade them to agree with him by use of bullying tactics." (*Id.*) Plaintiff, who does not currently have children, "fears the life that [his] future children will be exposed to, due to the intentional, wanton, and negligent acts of Donald Trump." (*Id.*) Plaintiff assert that:

> my last name is "Wall." Wall usually stands as a symbol of strength and a place that protects people. As of recent, my last name, "Wall," is a term thrown around by Donald Trump, used to instill fear, panic, terror, and harm upon not only immigrants, but to the American citizens who object to the idea of ripping children from families who come here to seek asylum from more dangerous living conditions where they once lived. Every time I hear America, I am disgraced with a sadness so far out of my control, I cannot sleep at night – literally.

(*Id.* at 7.)

## DISCUSSION

**A.  Presidential Immunity**

Plaintiff's claims against Donald J. Trump for acts performed in his official capacity as President of the United States must be dismissed as the President is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States, et al.*, ECF 1:92 Civ. 8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993). Plaintiff's claims against Donald J. Trump arise out of acts performed in his official capacity as President of the United States. The Court therefore dismisses Plaintiff's claims are foreclosed by absolute immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff's motions for permission to participate in electronic case filing (ECF Nos. 3, 5) are denied as moot.[2]

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[2] The Court notes that Plaintiff's request makes clear that he has not completed the requirements necessary to participate in electronic case filing; even if this action were not being dismissed, the Court would deny the requests.

4